**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tony L. GROCE, Defendant–Appellant.**

**No. 92–3285.**

United States Court of Appeals,
Seventh Circuit.

Argued March 31, 1993.

Decided July 28, 1993.

Elsa Lamelas, Asst. U.S. Atty., Milwaukee, WI (argued), for plaintiff-appellee.

Michael S. Sperling, Milwaukee, WI (argued), for defendant-appellant.

Before CUDAHY and MANION, Circuit Judges, and TIMBERS, Senior Circuit Judge.*

CUDAHY, Circuit Judge.

A jury convicted the defendant of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the trial court sentenced him as an armed career criminal to 20 years in prison. On appeal, the defendant challenges the trial court's exclusion of the out-of-court exculpatory statement of a witness who failed to appear at trial; he also contends the court erred in finding him an armed career criminal for sentencing pur-

---

\* The Honorable William H. Timbers, Senior Judge for the United States Court of Appeals for the Second Circuit, is sitting by designation.

poses. For the reasons that follow, we affirm.

## I.

The defendant and the government disagree on key facts surrounding the events of November 29, 1991. According to the evidence presented to the jury, however, on that day, a woman driving on a Milwaukee street saw an apparently intoxicated man approach a burgundy-colored car and kick it. Someone then reached out the passenger window with "a good-sized handgun" and shot in the direction of the staggering man.

A short time later, a police officer located the burgundy car and followed it to a house that was later found to be that of the defendant, Tony Groce. The officer ordered the two occupants—Gregory Easley, the driver, and Groce, the passenger—from the car. Easley complied, but Groce left the car, appeared to discard a gun under the car and walked back and forth while threatening to leave the scene. Other officers who arrived to help found the gun a couple of feet under the passenger side of the car; it had one spent shell casing and four live rounds.

The defendant's brother, Timothy Groce, said the gun belonged to Easley and that Easley had purchased it recently and tested it once outside the home on the day of the shooting. Timothy Groce said Easley had the gun in his pocket when he left the house that day with Tony Groce. Groce denied after his arrest that a shooting had occurred. At trial he admitted that a shooting occurred, but said that Easley had the gun and that it just "went off" when the man kicked the car. He denied any possession of the gun.

Both the government and Groce subpoenaed Easley for trial, but he failed to appear. Some out-of-court statements that Easley made conflicted with one another, and the trial court refused to admit them into evidence. For example, a signed statement Easley gave following the shooting attested that Groce shot at the man who kicked the car, and Easley's sworn testimony before the grand jury confirmed that account. Four months later, however, Easley gave an entirely different story to a defense investiga-

tor, giving specific details of his own purchase of the gun and bullets and explaining that he was attempting to scare the drunken man with the gun when it accidentally discharged through the passenger door. When the two were approached by the police officer, Easley said, Easley threw the gun out of Groce's passenger-side door.

Two days before trial Easley reportedly told an agent from the Bureau of Alcohol, Tobacco and Firearms ("ATF") that he was afraid to confront Groce in court. Easley also suggested that he had been threatened by Groce's family. Easley disappeared before he was scheduled to testify.

A jury trial began June 4, 1992. On June 8, the jury found Groce guilty. The trial court sentenced Groce as an armed career criminal to 240 months incarceration. *See* 18 U.S.C. § 924(e).

After Groce was convicted and sentenced, Easley, who had been found and arrested in Minnesota, testified that Groce threatened him the night before he was to testify. At this time Easley reiterated his original story that Groce had possessed and shot the gun.

## II.

■ On appeal, Groce argues that the trial court committed reversible error by excluding the out-of-court exculpatory statement of Easley, and that the court erred in finding Groce an armed career criminal for sentencing purposes. We consider these issues in turn.

■ Groce contends that Easley's statement to the defense investigator was admissible as a statement against interest under the hearsay exception in Federal Rule of Evidence 804(b)(3). To qualify under this exception, a declarant must be unavailable as a witness, the statement must be a statement against interest, and there must be corroborating circumstances that clearly indicate the trustworthiness of the statement. *See United States v. Garcia*, 897 F.2d 1413, 1420 (7th Cir.1990) (adopting the three-pronged test of *United States v. Alvarez*, 584 F.2d 694 (5th Cir.1978)); *see also United States v. Harty*, 930 F.2d 1257, 1262 (7th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 262, 116

L.Ed.2d 215 (1991); *United States v. Silverstein,* 732 F.2d 1338, 1346–47 (7th Cir.1984) (emphasizing that corroborating circumstances must *"clearly* indicate" the statement's trustworthiness), *cert. denied,* 469 U.S. 1111, 105 S.Ct. 792, 83 L.Ed.2d 785 (1985).

Although the first two requirements are arguably met in the present case,[1] we agree with the district court that the defendant cannot overcome the third prong of the test. In *Garcia,* this court stated that a trial court's determination of an out-of-court statement's trustworthiness should be upheld unless the finding is clearly erroneous. 897 F.2d at 1421 (citing *United States v. Briscoe,* 742 F.2d 842, 846–47 (5th Cir.1984)). Easley's statement is not sufficiently supported by corroborative evidence, and the trial court's determination that the statement was not trustworthy was not clearly erroneous. Easley gave several conflicting statements, most of which contradicted the statement he later gave to the defense investigator, and there is also evidence suggesting that he may have changed his story out of fear. Moreover, Easley later recanted the version favorable to the defense. Under these circumstances, the district court was justified in concluding that Easley's statement lacks the trustworthiness required to qualify under this exception.

■ Groce also challenges his sentence as an armed career criminal under 18 U.S.C. § 924(e). The armed career criminal statute imposes minimum fifteen-year sentences upon persons convicted under section 922(g) who have three previous convictions for a violent felony or serious drug offense or both. 18 U.S.C. § 924(e)(1). Under the statutory provision,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. ...

18 U.S.C. § 924(e)(2)(B). Groce admits that his prior convictions for armed robbery in 1985 and "battery by a prisoner" in 1986 satisfy the statute but contends that his 1984 conviction for burglary as a party to a crime, *see* Wis.Stats. §§ 943.10(1)(a) and 939.05, was not within the definition of violent felony.

Groce's argument that the "party to a crime" nature of his burglary conviction removes it from the statutory definition has superficial appeal, but ultimately must fail. In *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court stated that an offense constitutes burglary under section 924(e) if it has the basic elements of a generic burglary— meaning "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." 495 U.S. at 598, 110 S.Ct. at 2158 (referring to the similar definition in AMERICAN LAW INSTITUTE, MODEL PENAL CODE § 221.1 (1980)).

According to Groce, generic burglary requires the defendant actually to have entered the building, but for burglary, party to a crime, the prosecution does not have to show entry into the building. Moreover, Groce claims he never did in fact enter the building. The government counters that the burglary charge against Groce specified that Groce "did intentionally enter a building ... with intent to steal therein." Appellee's Br. at 26.

At any rate, the Supreme Court held that section 924(e)(2)(B)(ii) "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense," rather than to the particular facts of each case. 495 U.S. at 602, 110 S.Ct. at 2160. We agree with the government that burglary as party to a crime is essentially analogous to aiding and abetting a burglary, and both federal law and Wisconsin state law punish an aider and abettor as a principal. *See* 18 U.S.C. § 2; Wis.Stat. § 939.05(2)(b).

---

1. Although Groce might be able to overcome the government's argument that Easley's statement was not really against his penal interest, he would have more difficulty persuading the court that Easley was unavailable under rule 804(a)'s definition of unavailability in light of the evidence Groce may have procured his absence by threatening him.

In fact, this court has recently affirmed a case in which the Northern District of Illinois concluded that one who aided and abetted the commission of a generic burglary has committed generic burglary. *See United States v. Gentry,* 782 F.Supp. 1276 (N.D.Ill.), *affirmed,* 978 F.2d 1262 (7th Cir.1992); *see also United States v. Hathaway,* 949 F.2d 609 (2d Cir.1991) (holding that a Vermont arson statute that prohibited "counseling, aiding or procuring the burning" coincided with generic arson under section 924(e)), *cert. denied,* —— U.S. ——, 112 S.Ct. 1237, 117 L.Ed.2d 470 (1992). This court's affirmance in *Gentry* of the district court's determination that *Taylor*'s definition of burglary extends to the context of aiding and abetting compels us to regard Groce's burglary conviction as a violent felony within the terms of the armed career criminal statute.

### III.

The district court did not err in refusing to admit the witness's insufficiently corroborated exculpatory statement, and the court correctly sentenced Groce as an armed career criminal under 18 U.S.C. § 924(e). For the foregoing reasons, the district court is AFFIRMED.