**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 11, 2006
Decided October 31, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 05-3925

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> RICKY PHILLIPS, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 03 CR 465 <br><br> Elaine E. Bucklo, <br> *Judge.* |

**O R D E R**

A jury found Ricky Phillips guilty of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and, as an armed career criminal, he was subject to a mandatory minimum sentence of 15 years' imprisonment, *see* 18 U.S.C. § 924(e). The district court sentenced Phillips to 216 months' imprisonment and five years' supervised release. Phillips filed a notice of appeal, but his appointed lawyer has moved to withdraw because he cannot discern a nonfrivolous argument for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Phillips has not responded to counsel's brief though he was invited to do so, *see* Cir. R. 51(b). We discuss only the potential arguments that counsel identifies in his facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Phillips, along with his girlfriend, bolted from the car in which he was a passenger after it was pulled over. Shortly thereafter, a police officer observed him climbing to the roof of a building with a gun stuffed into the waistband of his pants. The officer ordered Phillips to put the gun down on the roof and come down. He complied with the officer's order. Phillips and his girlfriend, Kimmie Whitehead, were arrested. From the time of the arrests, Phillips denied that he possessed the handgun, and Whitehead's version of events changed several times. Initially, a police officer overheard Whitehead tell someone that before she and Phillips were stopped, "they" were on their way to sell the gun to her uncle. Then, in her first conversation with ATF agents, Whitehead stated that she, not Phillips, possessed the gun. Whitehead later changed her story and told prosecutors that she had lied earlier to protect her boyfriend, Phillips, the father of her child, but that in truth he had possession of the weapon. She then testified before the grand jury that Phillips was carrying the gun and attempted to hide it in a vent on the roof of the building as they fled from police. Whitehead later changed her story once more, telling ATF agents that she had possession of the gun at all times and that she had been coerced by prosecutors to lie to the grand jury.

In any event, the jury never heard any of Whitehead's statements because the government moved *in limine* to exclude them after learning that Phillips planned to introduce the ones that exculpated him. The government argued that the hearsay statements were not admissible under the exception for statements against penal interest, *see* Fed. R. Evid. 804(b)(3), because they were untrustworthy. Two district judges accepted the government's position: Judge Lefkow, who granted the government's motion *in limine*, and Judge Bucklo, who was re-assigned to the case before trial and adopted Judge Lefkow's ruling.

Initially counsel argues that it would be frivolous to claim that the district court erroneously granted the motion *in limine* with respect to Whitehead's statements that she, not Phillips, had possession of the gun on the day the two were arrested. To introduce a hearsay statement under Rule 804(b)(3), the proponent must establish that the declarant is unavailable as a witness, that the statement was against the declarant's penal interest when made, and that corroborating circumstances clearly suggest that the statement is trustworthy. *See United States v. Bonty*, 383 F.3d 575, 579 (7th Cir. 2004); *United States v. Shukri*, 207 F.3d 412, 416 (7th Cir. 2000); *United States v. Garcia*, 986 F.2d 1135, 1139 (7th Cir. 1993). We have emphasized that Rule 804(b)(3) expressly *requires* the exclusion of out-of-court statements offered to exculpate the accused unless there are corroborating circumstances that "clearly indicate" the trustworthiness of the statements. *United States v. Hall*, 165 F.3d 1095, 1112 (7th Cir. 1999).

Judge Lefkow analyzed the admissibility of Whitehead's statements in a detailed order and determined that Whitehead, a convicted felon, spoke against her

penal interest when she claimed possession of the gun, and also that Whitehead was unavailable to testify because her attorney had advised her to invoke the Fifth Amendment. Judge Lefkow next concluded that the statements were nevertheless inadmissible because they were untrustworthy for a number of reasons. For one, Whitehead had given several inconsistent accounts. And the only time she testified under oath, after hearing the penalties for perjury, she incriminated Phillips rather than claiming possession of the gun. Judge Lefkow also reasoned that the close relationship between Phillips and Whitehead, and Whitehead's explicit acknowledgment of her willingness to lie to protect Phillips, detracted from the trustworthiness of her statements concerning her possession of the gun. Judge Lefkow also briefly noted that evidence that the arresting officer reportedly saw Phillips in possession of the weapon added to the untrustworthiness of Whitehead's statements to the contrary.

We agree with counsel that challenging the district court's grant of the motion *in limine* would be frivolous. Whitehead's statements are so contradictory that we could not quarrel with the district court's conclusion that the statements Phillips wanted to introduce were too untrustworthy to pass muster. *See United States v. Groce*, 999 F.2d 1189, 1191 (7th Cir. 1993) (upholding district court's exclusion of evidence for untrustworthiness where declarant "gave several conflicting statements"). And we agree with the trial judge's consideration of the close relationship between Whitehead and Phillips when analyzing whether Whitehead's statements exculpating Phillips were credible. *Shukri*, 207 F.3d at 416-17; *United States v. Butler*, 71 F.3d 243, 253 (7th Cir. 1995). Phillips argued that the statements that exculpated him were trustworthy because Whitehead had inculpated herself more than once and because she "recanted her recantation" of her claim that she, not Phillips, possessed the gun. Arguments of this nature will not go far when attempting to establish that the district court committed error. *See Hall*, 165 F.3d at 1112 (stating that district court's determination of trustworthiness of hearsay statements must be upheld unless clearly erroneous); *United States v. Garcia*, 897 F.2d 1413, 1421 (7th Cir. 1990) (same). Whitehead disclaimed possession of the gun on two discrete occasions, so it seems strange to find her statement to the contrary trustworthy because it too was uttered twice. And Phillips would be hard-pressed to persuade us that Whitehead's claim that she possessed the gun is more trustworthy simply because it is the last one she made.

However, counsel suggests that the district court improperly considered the arresting officer's testimony that Phillips possessed the gun as a factor weighing against the trustworthiness of Whitehead's contrary statements. Counsel notes that it is an "open question" whether a judge's consideration of evidence that does not directly corroborate or detract from the trustworthiness of a statement infringes on the role of the jury. We note that the openness of the question is debatable after the Supreme Court's recent suggestion that the trustworthiness of exculpatory

evidence is not contingent on the relative strength of the prosecution's case. *Holmes v. South Carolina*, 126 S.Ct. 1727, 1734 (2006) ("Just because the prosecution's evidence, *if credited*, would provide strong support for a guilty verdict, it does not follow that evidence of third-party guilt has only a weak logical connection to the central issues in the case."). But nothing in *Holmes,* or for that matter, *Chambers v. Mississippi*, 410 U.S. 284 (1973), on which Phillips relied in the district court, requires the admission of *untrustworthy* hearsay in the interest of justice. *See Holmes*, 126 S.Ct. at 1732; *Chambers*, 410 U.S. 284 at 302. Like counsel, we conclude that Judge Lefkow's brief mention of the arresting officer's account as a factor weighing against the statements' trustworthiness falls short of supplying a basis for appeal, given the other reasons given for finding the statements untrustworthy.

We agree with counsel that it would be frivolous to challenge the exclusion of Whitehead's statements. And we also agree with counsel that the remaining arguments—concerning the sufficiency of the evidence, the jury instructions, and the sentence—are also frivolous, and require no further discussion.

We GRANT counsel's motion to withdraw and DISMISS the appeal.