**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVEN WAYNE PHILLIPS,
*Petitioner-Appellant*,

v.

DEBRA HERNDON,
*Respondent-Appellee*.

No. 09-56079

D.C. No.
5:08-cv-107-ODW-FMO

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued January 9, 2013
Submitted September 17, 2013
Pasadena, California

Filed September 17, 2013

Before: Alfred T. Goodwin and William A. Fletcher,
Circuit Judges, and Edward R. Korman, Senior District
Judge.[*]

Opinion by Judge Korman

---

[*] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel affirmed the district court's denial of a 28 U.S.C. § 2254 habeas corpus petition challenging the exclusion of a confession by one of petitioner's accomplices exculpating petitioner as the shooter.

The panel held that it was not unreasonable for the state court to conclude that other statements (including statements identifying petitioner as the shooter) that the accomplice had made rendered his own inculpatory statement unreliable. Consequently, the panel held that the determination by the California Court of Appeal that the admission was properly excluded did not constitute an unreasonable application of clearly established Supreme Court law, nor was the state court decision based on an unreasonable determination of the facts.

### COUNSEL

Tony Faryar Farmani, Farmani APLC, San Diego, California, for Petitioner-Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Kevin R. Vienna, and Kristine A. Gutierrez, Deputy Attorney General, San Diego, California, for Respondent-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

KORMAN, District Judge:

Steven Wayne Phillips, along with one of his accomplices, Robert Cress, was found guilty of the murder of William Jacob. Phillips alone was found guilty of personally discharging a firearm in the course of the murder. He was sentenced to twenty-five years to life for murder and also subjected to a mandatory consecutive sentence of twenty-five years to life for the firearm enhancement under California Penal Code § 12022.53(d). The exclusion of Cress's third-party confession exculpating Phillips as the shooter, the sole issue raised on this appeal, affects only the latter conviction because Phillips's conviction for murder did not turn on his use of the firearm.

The evidence at trial established that, shortly after the crime, Phillips admitted shooting Jacob, and other evidence placed the gun in his hands. Cress also said twice that Phillips was the shooter. Nevertheless, the following morning Cress changed his story and said that he was the shooter. The trial judge excluded all of Cress's statements. Specifically, the trial judge found that while Cress's own admission of guilt was against his penal interest, it lacked sufficient indicia of trustworthiness to be admissible. This holding was based principally on the fact that Cress's admission contradicted the two other accounts of the murder given by him.

In affirming the judgment of conviction, the California Court of Appeal held that the trial court properly excluded Cress's statement under California's evidence law: "The trial court concluded the statements lacked sufficient indicia of

trustworthiness because (1) they were contradicted by the physical evidence, and (2) Cress made three inconsistent statements about his involvement in the murder." *People v. Phillips*, No. E035406, 2007 WL 549832, at \*8 (Cal. Ct. App. Feb. 23, 2007). While the California Court of Appeal held that "some discrepancies in [a] declarant's statements do not render them untrustworthy," in the present case "Cress offered *three completely conflicting and contradictory* versions of the murder." *Id.* (emphasis in original). Moreover, "[p]recisely for the same reasons the trial court found the statements untrustworthy, we are convinced that the jury would have rejected them as evidence exonerating Phillips had they been admitted." *Id.*

Phillips then filed his petition for a writ of habeas corpus. After the petition was denied, we granted a certificate of appealability limited to the issue of whether the exclusion of Cress's statement violated Phillips's right to present a complete defense, an issue which also implicated the deference due to the holding of the California Court of Appeal. The latter issue arose because, notwithstanding Phillips's argument that the exclusion of Cress's statement violated his constitutional rights, as well as California law, the opinion affirming his conviction made no reference to federal law.

In *Harrington v. Richter*, 562 U.S. —, 131 S. Ct. 770 (2011), the Supreme Court held that a reviewing federal court should presume that the last reasoned decision of the state court adjudicated all raised claims on the merits and is entitled to deference pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, commonly referred to as AEDPA deference. *See* 28 U.S.C. § 2254. Subsequently, in *Johnson v. Williams*, 133 S. Ct. 1088 (2013), it held that

one exception to this presumption was a case in which "a defendant claimed in state court that something that occurred at trial violated both a provision of the Federal Constitution and a related provision of state law" and where the state court, "in denying relief, made no reference to federal law." *Id.* at 1096. Nevertheless, even in this circumstance, *Johnson* acknowledged that the *Richter* presumption could hold "if the state-law rule subsumes the federal standard—that is, if it is at least as protective as the federal standard[.]" *Id.* This holding is consistent with the rule that the application of AEDPA deference "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

In the present case, the defendant relied on interrelated constitutional guarantees that merge into the rule that a criminal defendant is entitled to "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). This rule, however, is subject to the caveat that "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *United States v. Scheffer*, 523 U.S. 303, 308 (1998); *see also Montana v. Egelhoff*, 518 U.S. 37, 53 (1996) ("[T]he introduction of relevant evidence can be limited by the State for a 'valid' reason."). Indeed, in *Rhoades v. Henry*, a pre-AEDPA case, we held that the exclusion of an unreliable third-party confession did not violate the due process clause. 638 F.3d 1027, 1035–36 (9th Cir. 2010). More recently, the Supreme Court observed that "[o]nly rarely have we held that the right to present a complete defense was violated by the exclusion of defense evidence

under a state rule of evidence." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam).

Against this backdrop, we examine California law with respect to third-party confessions. California Evidence Code § 1230, to the extent here relevant, provides that statements that would come within the definition of hearsay are "not made inadmissible by the hearsay rule if[,] . . . when made, . . . [the statements] so far subjected [the declarant] to the risk of . . . criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true." Unlike Federal Rule of Evidence 804(b)(3), the California Evidence Code does not contain a special requirement that a third-party confession offered in a criminal case to prove someone else committed the crime be "supported by corroborating circumstances that clearly indicate its trustworthiness." Fed. R. Evid. 804(b)(3)(B).

Nevertheless, the Supreme Court of California has held that "[t]he focus, indeed, the heart of this exception . . . is . . . the basic trustworthiness of the declaration," and that the determination "whether trustworthiness is present requires the court to apply to the peculiar facts of the individual case a broad and deep acquaintance with the ways human beings actually conduct themselves in the circumstances material under the exception. Such an endeavor allows, in fact demands, the exercise of discretion." *People v. Gordon*, 50 Cal. 3d 1223, 1251 (1990) (alterations in original) (internal quotation omitted), *disapproved of on other grounds by People v. Edwards*, 54 Cal. 3d 787, 835 (1991). Consistent with this purpose, the Supreme Court of California has held that § 1230 confers discretion on a trial judge to admit a third-party confession if it is "probably true" and that it would be an abuse of discretion to exclude such a

confession on hearsay grounds. *See People v. Cudjo*, 6 Cal. 4th 585, 607–10 (1993).

While a finding of trustworthiness eliminates the hearsay objection, it does not resolve the issue of whether the statement should be excluded pursuant to the general discretion of a trial judge to weigh evidence in response to an objection that the probative value is substantially outweighed by the dangers of prejudice, confusion, and undue time consumption. *See* Cal. Evid. Code § 352; *cf.* Fed. R. Evid. 403. Nevertheless, even in that context, it is an abuse of discretion to exclude a material and trustworthy third-party confession.

*People v. Cudjo* provides an illustration of the application of § 1230 to a case in which the defendant sought to admit a third-party confession. In *Cudjo*, the defendant and his brother, Gregory, were the primary suspects in a violent murder. *Cudjo*, 6 Cal. 4th at 602–04. The physical evidence was consistent with either having committed the crime. While the police had Gregory in custody, he confessed to his cellmate that he had committed the crime. *Id.* at 604–05. Under these circumstances, the Supreme Court of California held that, if made as claimed, Gregory's confession was "probably true" and that "the [trial] court could properly have found that 'a reasonable [person] in [Gregory's] position would not have made the statement unless he believed it to be true.'" *Id.* at 607–08 (quoting Cal. Evid. Code § 1230) (alterations in original). Indeed, it held that the trial court abused its discretion in excluding Gregory's confession simply because the witness to whom Gregory confessed was not credible. *Id.* at 609–10.

After so holding, the Supreme Court of California then discussed the objection of the prosecutor under California Evidence Code § 352, under which "the trial court is required to weigh the evidence's probative value against the dangers of prejudice, confusion, and undue time consumption." *Id.* at 609. "Unless these dangers 'substantially outweigh' probative value, the objection must be overruled." *Id.* (citing *People v. Babbitt*, 45 Cal. 3d 660, 688 (1988)). Specifically, it held that "[t]o withstand a challenge under Evidence Code § 352, evidence of a third party's culpability 'need only be capable of raising a reasonable doubt of [the] defendant's guilt.'" *Id.* (quoting *People v. Hall*, 41 Cal. 3d 826, 833 (1986)). Applying that standard to the facts, the California Supreme Court rejected the objection to the admissibility of Gregory's confession. In so doing, it observed that the third-party confession was made "within hours after the crime was committed and under circumstances providing substantial assurances that the confession was trustworthy." *Id.* Because proof of Gregory's guilt would have exonerated the defendant it raised "the requisite reasonable doubt of defendant's guilt." *Id.* at 610.

Ultimately, the *Cudjo* Court held that the error in excluding Gregory's confession constituted harmless error under the lenient California rule for errors of state law. *Cudjo*, 6 Cal. 4th at 611–12. While this holding was based on the entire record, one of the factors cited was that "Gregory's purported jailhouse confession contravened both the physical evidence and all other accounts Gregory had given, including his testimony under oath at the preliminary hearing." *Id.* at 613. There is an obvious disconnect between this description and the earlier holding that Gregory's confession was sufficiently trustworthy to have been admitted as a declaration against penal interest. Nevertheless, this

disconnect does not undermine the conclusion that the California state-law rule is "at least as protective as the federal standard." *Johnson*, 133 S. Ct. at 1096. Indeed, on subsequent habeas review, relying on the California Supreme Court's initial description of Gregory's confession, we held that the error was not harmless under the standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993). *Cudjo v. Ayers*, 698 F.3d 752, 755, 768 (9th Cir. 2012), *cert. denied sub nom. Chappell v. Cudjo*, 133 S. Ct. 2735 (2013).

Under these circumstances, the holding of the California Court of Appeal that Cress's confession was properly excluded is entitled to AEDPA deference. There is no dispute that Cress gave three conflicting and contradictory versions of the murder, nor was it unreasonable for the California Court of Appeal to conclude that these statements rendered Cress's own inculpatory statement unreliable. Even if we would have reached a different result on direct appeal, AEDPA "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring)). "It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Id.*

Significantly in this regard, even on direct appeal from a judgment of conviction, federal courts have upheld the exclusion of statements under Rule 804(b)(3) in circumstances similar to those presented here. *United States v. Moore*, 651 F.3d 30 (D.C. Cir. 2011) (per curiam), observed that the Rule "contemplates that some out-of-court

admissions of guilt will be excluded, despite their relevance, because they possess insufficient indications of trustworthiness," and upheld the exclusion of a third-party confession where the declarant "contradicted his statement multiple times." *Id.* at 83. Moreover, it went on to collect cases from other circuits holding that "such contradictions can alone render an otherwise admissible statement untrustworthy." *Id.* (citing *United States v. Jackson*, 540 F.3d 578, 589–90 (7th Cir. 2008) ("[A] lot of corroboration would be needed to admit the [conflicting] hearsay statements of an incredible and untrustworthy declarant."); *United States v. Lumpkin*, 192 F.3d 280, 287 (2d Cir. 1999) (inconsistency in statements led to finding that "the proposed hearsay statements are untrustworthy"); *United States v. Bumpass*, 60 F.3d 1099, 1102 (4th Cir. 1995) (consistency of declarant's statements a factor in assessing trustworthiness under Rule 804(b)(3))); *see also United States v. Groce*, 999 F.2d 1189, 1190–91 (7th Cir. 1993) (upholding district court's conclusion that out-of-court statement lacked the trustworthiness required under 804(b)(3) where the declarant "gave several conflicting statements, most of which contradicted the statement [sought to be admitted]"). We cite these cases not for the purpose of suggesting that we would necessarily have affirmed the conviction here on direct appeal, but because they demonstrate that, under some circumstances, it is reasonable to exclude a third-party confession where the declarant made conflicting prior statements.

In sum, the holding of the California Court of Appeal that Cress's admission was properly excluded did not constitute

an unreasonable application of clearly established Supreme Court law, nor was its decision based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**